**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**


**JORGE L. NIEBLA,**

    **Plaintiff,**

**vs.**                                                                  **CASE NO. 5:09CV107-MCR/AK**

**CHIEF INSPECTOR GENERAL,**

    **Defendant.**

_____/


**ORDER and
<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, an inmate proceeding *pro se*, commenced this action on March 30, 2009, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). He did not submit any money for the filing fee at the time he submitted his complaint. Plaintiff claims that the defendant did not respond to a letter he wrote to him several months ago about an attack he suffered "several years ago," and that the Inspector General's failure to respond and assist him violated his rights.

Judicial notice is taken that plaintiff has had three or more prior prisoner actions dismissed on the grounds that they failed to state a claim in this district: Nos. 3:05CV230-

RV/MD, 4:05CV235-MP/AK, 4:05CV275-MP/AK, 4:06CV340-SPM/AK, and he has also been identified as a "three striker" in the Southern District. See Case Nos. 0:02CV60676; 9:02CV81055; and 1:01CV4326. See also Case No. 4:05cv242 (case dismissed without leave to proceed because Plaintiff failed to allege an imminent danger and he has already been listed as a three striker). Plaintiff also has pending another case, No. 5:09cv103-RS/AK, which has this date been recommended for dismissal because he did not allege an imminent danger.

By the time plaintiff submitted the instant case, he was aware that he had three strikes and could not proceed *in forma pauperis*. Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he is under imminent danger of serious physical injury. Even though he refers to previous abuse by other persons, the nature of the present lawsuit is against the Inspector General for not responding to his letters about this alleged abuse which occurred years previously by persons unidentified in the present complaint.

Therefore, because he did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed. Leave should not be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002).

Accordingly, it is **ORDERED**:

Plaintiff's Motion for leave to proceed *in forma pauperis* (doc. 2) is **DENIED**.

**No. 5:09cv107-mcr/ak**

And it is respectfully **RECOMMENDED**:

That this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g) and the clerk be directed to close the file.

At Gainesville, Florida this  **2nd**  day of April, 2009.

*s/ A. KORNBLUM*
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

**No. 5:09cv107-mcr/ak**